IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLEEN THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-20-2481 |
| PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss Amended Complaint ("Motion") filed by Defendant Prince George's County Public Schools ("Defendant").[1] ECF No. 25. Having considered the submissions of the parties (ECF Nos. 25, 27 & 30), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

**I.   INTRODUCTION**

Plaintiff Charleen Thomas ("Thomas") brought this lawsuit against Defendant for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA"). ECF No. 14-2 at 9. According to her Amended Complaint (ECF No. 14), Thomas was employed by Defendant from 2004 to 2019. *Id.* at 2. She worked as a "special education teacher resource teacher." *Id.* She suffered an injury at work in October 2015. *Id.* She was injured again at work on September 27, 2017, and thereafter placed on sick leave until June 2018. *Id.*

---

[1] This case is assigned to me for all proceedings pursuant to 28 U.S.C. § 636(c). ECF No. 13.

Thomas alleges that Defendant failed to accommodate her reasonable requests for accommodations and forced her into early retirement. *Id.* at 2-3. According to Thomas, the alleged discrimination took place between February and March 2019 (specifically, on February 14, 2019; February 22, 2019; February 27, 2019; March 4, 2019; and March 26, 2019). ECF No. 14-2 at 5, 10. Thomas filed two charges of discrimination: a handwritten charge dated February 26, 2020, and a typewritten charge dated March 25, 2020. ECF No. 14-2 at 1-2. The Court will refer to these charges of discrimination collectively as the "Charge."

## II.     ANALYSIS

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

"Modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the ADA incorporates that statute's enforcement procedures, *id.* § 12117(a), including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court, *see id.* § 2000e–5(b), (f)(1)." *Sydnor v. Fairfax Cnty., Va.*, 681

F.3d 591, 593 (4th Cir. 2012); *see also Murphy v. Adams*, No. DKC-12-1975, 2014 WL 3845804, at *7 (D. Md. Aug. 4, 2014) ("[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies.") (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)). Additionally, while the charge must be timely, "the timeliness of an EEOC charge is not a jurisdictional matter." *Underdue v. Wells Fargo Bank, N.A.*, 684 F. App'x 346, 347 (4th Cir. 2017) (citing *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014)); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Rather, failure to file a timely EEOC charge is a basis for dismissal under Rule 12(b)(6) for failure to state a claim. *See Fort Bend Cnty.*, 139 S. Ct. at 1852 ("In sum, a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill.). In Maryland, discrimination claims must be filed with the EEOC no later than 300 days after the alleged discriminatory conduct. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *Abdi v. Giant Food, LLC*, No. PWG-14-2988, 2016 WL 808775, at *4 (D. Md. Mar. 2, 2016).

Defendant argues that Thomas failed to exhaust her administrative remedies and that her case must be dismissed under Fed. R. Civ. P. 12(b)(6). Thomas alleges that discriminatory acts took place on February 14, 2019; February 22, 2019; February 27, 2019; March 4, 2019; and March 26, 2019. Accordingly, she was required to file her EEOC Charge of Discrimination by January 20, 2020 (at the latest). January 20, 2020, is 300 days from March 26, 2019, which is the last date that Thomas alleges Defendant discriminated against her. Thomas did not file her Charge by January 20, 2020. Instead, she filed her Charge on February 26, 2020, and March 25, 2020, more than one month too late. Because her Charge concerns events that precede the filing of the Charge by more than 300 days, her claim against Defendant must be dismissed.

In response to Defendant's Motion, Thomas makes a number of arguments for why her claim should not be dismissed.[2] ECF No. 27. She suggests that one reason for her delay in filing the Charge was the COVID-19 pandemic, and "plead[s] equitable tolling." *Id.* at 1. "Generally speaking, the doctrine of equitable tolling 'has been applied in two . . . kinds of situations.'" *Kumar v. First Abu Dhabi Bank USA N.V.*, No. ELH-20-1497, 2020 WL 6703002, at *6 (D. Md. Nov. 13, 2020) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant." *Id.* "In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted).

Thomas does not suggest that Defendant prevented her from timely filing a charge of discrimination. Instead, she argues that the COVID-19 pandemic was an extraordinary circumstance that made it impossible to file her Charge on time. This argument is unavailing. Thomas was required to file her EEOC Charge of Discrimination by January 20, 2020, nearly two months before President Donald J. Trump issued Proclamation 9994, on March 13, 2020, declaring that the COVID-19 outbreak in the United States constituted a national emergency. *See Fedele v. Marist Coll.*, No. 20 CV 3559 (VB), 2021 WL 3540432, at *1 (S.D.N.Y. Aug. 10, 2021). Thomas has failed to show how the COVID-19 pandemic impaired her ability to file an EEOC Charge of

---

[2] The Court is obliged to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Discrimination on or before January 20, 2020. *See Bruce v. Stonemor Partners L.P.*, No. RDB-21-745, 2021 WL 2949780, at *4 (D. Md. July 14, 2021).

Thomas also argues that the "complaint for discrimination with the [EEOC] began before February 26, 2020," starting "with telephone calls, leaving messages, and waiting for return calls." ECF No. 27 at 2. But Thomas does not specify the date when she first attempted to file a charge of discrimination with the EEOC, nor does she state how long she waited for the EEOC to respond to her requests for information and forms. By failing to demonstrate that she was diligent in attempting to timely file her charge of discrimination and that some extraordinary circumstances stood in her way to timely filing her charge of discrimination, she has failed to carry her burden to show that equitable tolling should apply.

Thomas also argues that any delay in filing this lawsuit was caused by the EEOC's delay in transmitting her right-to-sue letter. ECF No. 27 at 1. Thomas misapprehends Defendants' argument. Defendant does not argue that Thomas waited too long after receiving her right-to-sue letter to file this lawsuit; it argues that she waited too long to file her EEOC Charge of Discrimination. Accordingly, Thomas' argument about any delay by the EEOC is beside the point.

Finally, the Court addresses the other authority Thomas points to in her brief. Thomas cites 29 C.F.R. Part 1614 and 29 C.F.R. § 1612.13, but she does not explain what these regulations have to do with her case. *Id.* at 3. It does not appear that these regulations are relevant to the issues at hand. Similarly, Thomas cites the case of *Bickes v. SPS Techs. Waterford Co.*, No. 05-71614, 2006 WL 3446193 (E.D. Mich. Nov. 27, 2006). This case is not relevant to Defendant's argument that Thomas' claim must be dismissed for failure to exhaust administrative remedies.

For the reasons set forth above, the Court finds that Thomas failed to exhaust her administrative remedies, and that her ADA claim must be dismissed pursuant to Rule 12(b)(6).

### III.  CONCLUSION

Defendant's Motion (ECF No. 25) is **GRANTED**. This case will be dismissed with prejudice. A separate Order follows.

<u>November 5, 2021</u>                                              <u>        /s/                              </u>
Date                                                                      Timothy J. Sullivan
                                                                                    United States Magistrate Judge